IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANINE DONALDSON and<br>KIMBERLY MCKENZIE,<br><br>          Plaintiffs,<br><br>          v.<br><br>RONALD LENSBOUER and<br>SOMERSET COUNTY,<br><br>          Defendants. | Civil Action No. 3:15-cv-63-KRG<br><br>JUDGE KIM R. GIBSON<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF SOMERSET COUNTY'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
ALLEGED HARASSMENT AGAINST OTHERS THAN PLAINTIFF ("ME TOO" EVIDENCE)**

I. <u>INTRODUCTION</u>

Plaintiffs will seek to offer evidence at trial of alleged harassment and other conduct committed by Ronald Lensbouer as to other employees of Somerset County, including Alice McCartney, JoAnn Rheel, Daryl Marker, and Jessica Scheffel-Rodgers. (See, Plaintiffs' Witness List). Rheel and McCartney will be asked to testify concerning alleged improper comments from Mr. Lensbouer. Ms. Marker and Ms. Rodgers will also testify concerning sexual comments made by Mr. Lensbouer in addition to one occasion each of an attempted touching or actual touching.

This type of "me too" or "they too" evidence is improper and should be excluded from trial because: (1) It is irrelevant to plaintiffs' employment claims under Federal Rules of Evidence 401 and 402; and (2) It is unduly prejudicial and would waste the court's time, confuse the issues, and mislead the jury under Federal Rule of Evidence 403.

{W0128093.1}

II. ARGUMENT

A. "ME TOO" EVIDENCE OF OTHER EMPLOYEES' EXPERIENCES SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT.

***Alice McCartney was not similarly situated and JoAnn Rheel did not testify to any physical harassment***

Any evidence regarding other employees who are not "similarly situated" has no tendency to prove or disprove plaintiffs' claims that defendant, Somerset County, discriminated or subjected the plaintiffs to a hostile work environment. The United States Supreme Court has noted that there is no *per se* rule regarding the admissibility of "me too" evidence. See, Sprint/United Management v. Mendelsohn, 128 S.Ct. 1140 (2008). The court in Sprint determined a court should consider, "the relevance and prejudicial effect of the proffered evidence 'in the context of the facts and arguments in a particular case.'" Houston v. Easton Area School District, No. 03-3494, 201 U.S. Dist. Lexis 113861 (E.D. Pa. Oct. 25, 2010) (quoting Spring/United Management, 128 S.Ct. at 1147). Evidence of other employees' claims is generally inadmissible where the employment circumstances are not similar to those of the plaintiff. In such cases, the evidence is not probative of the plaintiffs' claims because it neither proves nor tends to prove a single fact at issue in the case. Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1138-39 (5th Cir. 1983). See also, Schrand v. Federal Pacific Electric Company, 851 F.2d 152, 156 (6th Cir. 1988).

In order to demonstrate that an employee is "similarly situated," all relevant aspects of employment need to be nearly identical. Neely v. U.S. Postal Service, 307 Fed. Appx. 681, 684 (3d Cir. 2009). Judged against the above standard, plaintiffs' anticipated "me too" evidence regarding Alice McCartney must be excluded. Unlike plaintiffs, Alice McCartney was not a

correction officer nor was she an employee of the Somerset County Jail. Rather, she was employed as a nurse with an outside contractor, Prime Care. In <u>Mandel v. M&Q Packaging Corp.</u>, 706 F. 3d 157, 167-68 (3d Cir. 2013), the Third Circuit found that "me too" evidence was inadmissible where the other workers were not employees of the defendant but, rather, the parent corporation. Ms. McCartney's employer is not related in any way to Somerset County.

Further, **Ms. McCartney did not testify as to any alleged physical harassment** conducted by Mr. Lensbouer as to her. As such, any reference to it should be excluded as irrelevant. Similarly, **Ms. Rheel will also testify that Mr. Lensbouer never touched her inappropriately** and, as such, the circumstances of her testimony are markedly different and irrelevant.

### *<u>Whether Mr. Lensbouer committed the acts is not in dispute</u>*

Of further note, there is no dispute as to whether Mr. Lensbouer actually committed the acts for which he is accused. He testified at his deposition that he did so and this will not be at issue in trial. Plaintiffs will not be required to prove that Mr. Lensbouer acted in the manner which they contend and, therefore, the "me too" evidence is not necessary for purposes of proving that fact.

Further, whether Mr. Lensbouer acted inappropriately toward the other coworkers is irrelevant to prove any element of the plaintiffs' Title VII claim. Certainly, the coworkers cannot be used to establish the pervasiveness or regularity of the conduct, as neither plaintiff testified as to actually having observed Mr. Lensbouer touching or behaving inappropriately toward another coworker. (See, deposition transcript of Janine Donaldson, attached hereto as Exhibit "A," pp. 69-71; deposition transcript of Kimberly McKenzie, attached hereto as Exhibit "B," pp.

112-115; 132-135). Those coworkers will also not testify as to observing Mr. Lensbouer having acted in any manner inappropriately toward plaintiffs. Thus, admission of the testimony of any of the co-workers employed by Somerset County as to any statements made by Mr. Lensbouer which they found offensive is irrelevant. Plaintiffs do not need to prove that such events occurred, as that fact is not in issue. The evidence also cannot be utilized to establish the pervasiveness or severity of the conduct relative to plaintiffs and they had no first hand knowledge of any improper conduct toward other coworkers.

     B.    ADMISSION OF "ME TOO" EVIDENCE WOULD REQUIRE MULTIPLE TRIALS WITHIN A TRIAL, UNFAIRLY PREJUDICE DEFENDANT, AND CONFUSE THE JURY.

F.R.E. 403 provides that relevant evidence may be properly excluded, "If its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." "Thus, evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994).

"It is clearly established that the district court enjoys broad discretion under Rule 403 to exclude relevant evidence which it determines to be confusing, misleading, or unfairly prejudicial to the opposing party." National Freight, Inc. v. Southeastern Pennsylvania Transportation Authority, 698 F.Supp. 74, 77 (E.D. Pa. 1988, 872 F.2d 413 (3d Cir. 1989)). Evidence is unfairly prejudicial if it, "May cause a jury to base its decision on something other than the established propositions in the case." Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980).

Here, the "me too" evidence can only be employed to attempt to unfairly prejudice the jury. It is not relevant to any factual issue in dispute for either of the claims being pursued by plaintiffs. There is no dispute concerning what Mr. Lensbouer did and plaintiffs did not observe any of his actions toward other correction officers. Admission of the series of coworkers to testify as to their interaction with Mr. Lensbouer would simply be a waste of time. It would also serve to confuse the jury, as they will be subjected to hearing testimony concerning issues they will not be asked to decide.

This case is about Ronald Lensbouer's actions involving Janine Donaldson and Kimberly McKenzie and whether Somerset County can be liable for those actions. Evidence that has no bearing on those claims is improper and should not be submitted to the jury.

## IV.   CONCLUSION

Plaintiffs have failed to properly any expert witness who will testify as to causation of any medical condition associated with the actions of Ronald Lensbouer. Although plaintiffs did attach counselling records, the Federal Rules regarding disclosure of experts who will testify at trial require more. As such, plaintiff should be prohibited from presenting any evidence or testimony that they sustained any physical injury that was caused by Ronald Lensbouer.

        Respectfully submitted,

        JonesPassodelis, PLLC

        By:  s/Jeffery Cohen
            MARIE MILIE JONES, ESQUIRE
            PA I.D. #49711
            Email:  mjones@jonespassodelis.com
            JEFFREY COHEN, ESQUIRE
            PA I.D. #76512
            Email:  jcohen@jonespassodelis.com

        Gulf Tower, Suite 3510
        707 Grant Street
        Pittsburgh, PA  15219
        (412)  315-7272
        (412)  315-7273 – FAX
        Counsel for Defendant,
        SOMERSET COUNTY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record by:

    _____   U.S. First Class Mail, Postage Paid

    _____   Hand Delivery

    _____   Certified Mail, Return Receipt Requested

    _____   Facsimile Transmittal

    _____   UPS Delivery

    __X__   Electronic Filing/Service

at the following address:

Benjamin D. Andreozzi, Esquire
Andreozzi & Associates, PC
111 North Front Street
Harrisburg, PA 17101
*(Counsel for Plaintiffs)*

Kevin J. Rozich, Esquire
Michael T. Crum, Esquire
Abood Russell Pappas & Rozich
South Street Station Professional Building
709 Franklin Street, Suite 200
Johnstown, PA 15901-2823
*(Counsel for Defendant, Ronald E. Lensbouer)*

JONESPASSODELIS, PLLC

Date: November 7, 2017

s/Jeffery Cohen
MARIE MILIE JONES, Esquire
JEFFREY COHEN, Esquire

Counsel for Defendant,
SOMERSET COUNTY

{W0128093.1}