IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANINE DONALDSON and KIMBERLY MCKENZIE, | Civil Action No. 3:15-cv-63-KRG |
| Plaintiffs, | JUDGE KIM R. GIBSON |
| v. | |
| RONALD LENSBOUER and SOMERSET COUNTY, | |
| Defendants. | **JURY TRIAL DEMANDED** |

<u>**DEFENDANT, SOMERSET COUNTY'S, PROPOSED JURY INSTRUCTIONS**</u>

<u>**PRELIMINARY INSTRUCTIONS**</u>

**1.      Preliminary Instructions – Introduction; Role of Jury**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts.  You will have to decide what happened.  I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

<u>Authority</u>:      *Third Circuit Model Civil Jury Instruction 1.1*

**_____ ACCEPTED                    _____ REJECTED**

**2.      Preliminary Instructions – Description of Case and Summary of Law**

I will now give you a brief overview of what this case is about and the law that is applicable.  This is by no means meant to be a detailed description of the plaintiffs' claims or the defendant's defenses, nor is it intended to give you a detailed analysis of the law.  The lawyers will have an opportunity to more fully outline the facts of their cases in their opening statements and you will be given specific instructions at the end of the trial regarding the law you are to apply to the facts you find to be true.  My intention at this point is to simply give you a brief understanding of the case you are about to hear.

In this case, the plaintiffs are Janine Donaldson and Kimberly McKenzie.  Both plaintiffs are former correction officers at the Somerset County Jail.  They each claim that they were the subject of verbal and physical sexual harassment by one of the defendants, Ronald Lensbouer, who was also a former correction officer at the Jail.  Plaintiffs are also suing their former employer, Somerset County.  Plaintiffs claim that Somerset County is responsible for Ronald Lensbouer's harassment of them because the County did not protect them from Mr. Lensbouer. The County denies this and contends that it is not responsible for the acts of Mr. Lensbouer because the County had an effective sexual harassment policy in place.  Further, once Mr. Lensbouer's actions were reported, the County took action which ended the conduct.

<u>Authority</u>:      *Derived from Third Circuit Model Civil Jury Instruction 1.2*

**_____ ACCEPTED                    _____ REJECTED**

**THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.**

**3.**     **Preliminary Instructions – Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly.  There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.  I know that many of you use cell phones, smart phones and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others.  You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.  That is why you are asked to wear your juror tags.  It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

<u>Authority</u>:      *Third Circuit Model Civil Jury Instruction 1.3*

**_____ ACCEPTED                      _____ REJECTED**

**4.      Preliminary Instructions – Bench Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

<u>Authority</u>:      *Third Circuit Model Civil Jury Instruction 1.4*

_____ **ACCEPTED**                    _____ **REJECTED**

**5.**     **Preliminary Instructions – Evidence**

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated--that is, formally agreed to by the parties; and

4.      Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by lawyers.

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer

is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

<u>Authority</u>:        *Third Circuit Model Civil Jury Instruction 1.5*

**_____ ACCEPTED                    _____ REJECTED**

**6.**     **Preliminary Instructions  – Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses – something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

<u>Authority</u>:     *Third Circuit Model Civil Jury Instruction 1.6 (Option 2).*

**_____ ACCEPTED**                              **_____ REJECTED**

**7.      For Use During Trial – Use of Deposition**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Vince Pavic, former Director of Human Resources of Somerset County, will be presented to you by reading from the transcript. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

<u>Authority</u>:      *Third Circuit Model Civil Jury Instruction 2.5*

**_____  ACCEPTED                    _____  REJECTED**

**8.      Preliminary Instructions – Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1)      the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)      the quality of the witness's understanding and memory;

(3)      the witness's manner while testifying;

(4)      whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5)      whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)      how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)      any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Authority</u>:      *Third Circuit Model Civil Jury Instruction 1.7*

_____ **ACCEPTED**                    _____ **REJECTED**

**9.      Findings of Fact Based on Probabilities**

Any finding of fact you make must be based on probabilities, not possibilities.  A finding

of fact may not be based on surmise, speculation, or conjecture.

**_____ ACCEPTED              _____ REJECTED**

**10.      Preliminary Instructions – Jury Questions for Witnesses**

Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted

to ask questions of witnesses.

<u>Authority</u>:      *Third Circuit Model Civil Jury Instruction 1.8*

**_____ ACCEPTED                     _____ REJECTED**

**11.**     **Preliminary Instructions – Note-Taking By Jurors**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  My Courtroom deputy will arrange for pens, pencils, and paper.  Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  But you should not assume that the transcripts will be available for your review during your deliberations.  Nor should you consider notes that you or fellow jurors may take as a kind of written transcript.  Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.  Here are some other specific points to keep in mind about note taking:

1)     <u>Note-taking is permitted, not required</u>.  Each of you may take notes.  No one is required to take notes.

2)     <u>Be brief</u>.  Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory.  They are particularly helpful when dealing with measurements, times, distances, identities, and relationships.  Overuse of note-taking may be distracting.  You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand.  Note-taking must not distract you from that task.  If you wish to make a note, you need not sacrifice the opportunity to make important observations.  You may make your note after having made an observation.

3)      <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4)      <u>Do not take your notes away from court</u>.  I repeat, at the end of each day, please leave your notes in the jury room.

<u>Authority</u>:       *Third Circuit Model Civil Jury Instruction 1.9*

**_____ ACCEPTED                    _____ REJECTED**

**12.      Preliminary Instructions – Preponderance of the Evidence**

This is a civil case. The Plaintiffs are the parties who brought this lawsuit. The defendants, Ronald Lensbouer and Somerset County, are the parties against which the lawsuit was filed. The plaintiffs have the burden of proving their case by what is called the preponderance of the evidence.  That means the plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not so.  To say it differently: if you were to put the evidence favorable to the plaintiffs and the evidence favorable to the defendant on opposite sides of the scales, the plaintiffs would have to make the scales tip somewhat on their side.  If the plaintiffs fail to meet this burden, the verdict must be for the defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, the defendant has the burden of proving the elements of the defense by a preponderance of the evidence.  I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that the defendant has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Authority:     *Third Circuit Model Civil Jury Instruction 1.10*

**_____   ACCEPTED                    _____   REJECTED**

**13.      Preliminary Instructions – Description of Trial Proceedings**

The trial will proceed in the following manner:

First, the attorney for the plaintiffs will make an opening statement to you. Next, the attorney for the defendant may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

The plaintiffs go first because they have the burden of proof. The plaintiffs will present witnesses whom counsel for the defendant may cross-examine, and the plaintiffs may also present evidence. Following the plaintiffs' case, the defendant may present evidence.   Counsel for the plaintiffs may cross-examine witnesses for the defense.  After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.

Authority:      *Third Circuit Model Civil Jury Instruction 1.12*

**_____ ACCEPTED                    _____ REJECTED**

14.    **Introduction**

In this case the Plaintiffs makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, the plaintiffs claim that they were harassed by Ronald Lensbouer because of their gender.   They claim that Somerset County should be accountable for Lensbouer's actions because as the employer it should have been aware of Lensbouer's propensity to behave in the manner now alleged by plaintiffs and did not take effective action to prevent it.

Somerset County denies that it knew of or should have known of Lensbouer's propensity to exhibit the specific behavior beforehand. Further, once the County was aware of Plaintiffs' complaints, it took affirmative steps to successfully stopped the alleged behavior

The plaintiffs are also suing Somerset County under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.  The Plaintiffs claim Lensbouer's actions violated the Fourteenth Amendment right to bodily integrity and that Somerset County should be liable for these actions because the County, through some official policy or custom allowed the violation to occur.  The County denies that any policy or custom existed to allow for the type of behavior alleged by Plaintiffs and further deny that it acted with deliberate indifference.

I will now instruct you more fully on the issues you must address on these claims.

<u>Authority</u>:          *Third Circuit Model Civil Jury Instruction – Title VII Cases 5.0; Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.1 (modified).*

**_____ ACCEPTED**                              **_____ REJECTED**

**15.**     **General Instructions- Multiple Parties**

There are two Plaintiffs and two Defendants in this case and multiple claims.  You must give separate consideration to each claim and each party in this case.  Although there are two defendants, it does not follow that if one is liable, the other is also liable.  Similarly, although there are two plaintiffs, it does not follow that if one is successful, the other is too.

<u>Authority</u>:     *Seventh Circuit Model Civil Jury Instruction – 1.25 (modified).*

**_____ ACCEPTED              _____ REJECTED**

**16.     Elements of a Title VII Claim — Harassment — Hostile Work Environment — No Tangible Employment Action**

Plaintiffs claim that they were subjected to harassment by Ronald Lensbouer and that this harassment was motivated by plaintiffs' gender.

Somerset County is liable for the actions of Ronald Lensbouer in their claim of harassment if plaintiffs prove all of the following elements by a preponderance of the evidence:

First: Plaintiff was subjected to verbal and physical harassment by Ronald Lensbouer.

Second: Lensbouer's conduct was not welcomed by plaintiffs.

Third: Lensbouer's conduct was motivated by the fact that plaintiffs are females.

Fourth: The conduct was so severe or pervasive that a reasonable person in plaintiffs' position would find plaintiffs' work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable woman's reaction to plaintiffs' work environment.

Fifth:  Plaintiffs believed their work environment to be hostile or abusive as a result of Lensbouer's conduct.

Sixth:  Management level employees knew, or should have known, of the abusive conduct. Management level employees should have known of the abusive conduct if 1) an employee provided management level personnel with enough information to raise a probability of harassment in the mind of a reasonable employer, or if 2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for Somerset County and you need not proceed further in considering this claim. If you find that the elements have been proved, then you must consider Somerset County's affirmative defense.  I will later instruct you on the elements of that affirmative defense.

Authority:        *Third Circuit Model Civil Jury Instruction 5.1.5 (modified).*

**_____ ACCEPTED**                          **_____ REJECTED**

17.     **Employer Liability**

Where a hostile work environment is created by a non-supervisory co-worker, an employer is not automatically liable.  Rather, an employer is liable for co-worker harassment only if the employer failed to provide a reasonable avenue for complaint or, alternatively, if the employer knew or should have known of the harassment and failed to take proper and appropriate remedial action.

An employer may be directly liable for non-supervisory co-worker sexual harassment only if the employer was negligent in failing to discover the co-worker harassment or in responding to a report of such harassment.

An employer will be deemed to have known or should have known about workplace sexual harassment if "management-level employees" had actual or constructive knowledge about the existence of a sexual hostile environment.

Management-level employees will be deemed to have constructive notice of a hostile work environment when an employee provides management-level personnel with enough information to raise a probability of sexual harassment in the mind of a reasonable employer.

I will instruct you that Lensbouer was a non-supervisory co-worker.  Therefore, the County, as Plaintiffs' employer can only be liable to Plaintiffs for a hostile work environment alleged to have been created by Lensbouer, if management-level employees knew or should have know of Mr. Lensbouer's actions.

Authority:     *Houston v. Proctor & Gamble Paper Products Corp.,* 568 F.3d. 100, 104-05 (3d Cir. 2009).

**_____ ACCEPTED            _____ REJECTED**

**18.**      **Title VII Definitions — Hostile or Abusive Work Environment**

Title VII is not a general civility code for the American workplace. Not all harassment is actionable. For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the condition of a victim's employment and create an abuse work environment.

In determining whether a work environment is "hostile" to be actionable you must look at all of the circumstances, which may include:

• The total physical environment of plaintiffs' work area.

• The degree and type of language and insult that filled the environment before and after plaintiffs arrived.

• The reasonable expectations of plaintiffs upon entering the environment.

• The frequency of the offensive conduct.

• The severity of the conduct.

• The effect of the working environment on plaintiffs' mental and emotional well-being.

• Whether the conduct was unwelcome, that is, conduct plaintiffs regarded as unwanted or unpleasant.

• Whether the conduct was pervasive.

• Whether the conduct was directed toward plaintiffs.

• Whether the conduct was physically threatening or humiliating.

• Whether the conduct was merely a tasteless remark.

• Whether the conduct unreasonably interfered with plaintiffs' work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found

only if there is extreme conduct amounting to a material change in the terms and conditions of employment.  Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that plaintiffs were harassed because of plaintiffs' gender. The harassing conduct may, but need not be sexual in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's gender. The key question is whether plaintiffs, as women, were subjected to harsh employment conditions to which men were not.

It is important to understand that, in determining whether a hostile work environment existed at the Somerset County Jail, you must consider the evidence from the perspective of a reasonable woman in the same position. That is, you must determine whether a reasonable woman would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable woman. The reasonable woman is simply one of normal sensitivity and emotional make-up.

Authority:    *Third Circuit Model Civil Jury Instruction 5*.2.1 (modified*); Oncale v. Sundowner Offshore Servs., Inc*., 523 U.S. 75, 80-81 (1998); Memorandum Opinion (ECF No. 56).

**_____ ACCEPTED          _____ REJECTED**

**19.** **Title VII- Affirmative Defense**

You must find for Somerset County if you find that Somerset County has proved both of

the following elements by a preponderance of the evidence:

First: Somerset County exercised reasonable care to prevent harassment in the workplace on the basis of gender, and also exercised reasonable care to promptly correct any harassing behavior that does occur.

Second: Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Somerset County.

Proof of the four following facts will be enough to establish the first element that I just

referred to, concerning prevention and correction of harassment:

1. Somerset County had established an explicit policy against harassment in the workplace on the basis of gender

2. That policy was fully communicated to its employees.

3. That policy provided a reasonable way for plaintiffs to make a claim of harassment to higher management.

4. Reasonable steps were taken to correct the problem, if raised by plaintiff.

On the other hand, proof that plaintiff did not follow a reasonable complaint procedure

provided by Somerset County will ordinarily be enough to establish that plaintiffs unreasonably

failed to take advantage of a corrective opportunity.

Authority:     *Third Circuit Model Civil Jury Instruction 5*.2.1 (modified*)*; Memorandum Opinion (ECF No. 56).


_____ **ACCEPTED**                    _____ **REJECTED**

**20.**     **Title VII- Affirmative Defense- Response by Employer**

There cannot be Title VII liability against an employer, when an employer's response to learning about the alleged harassment stops the harassment. If you find that upon the County's management level employee, Warden Briggs, learning of plaintiffs' allegations against Lensbouer, action was taken which resulted in no further harassment, you must find in favor of Somerset County.

<u>Authority</u>:     *Kunin v. Sears Roebuck, 175 F.3d 289 (3d Cir. 1999)*

**_____ ACCEPTED                    _____ REJECTED**

**21.    Title VII Damages — Compensatory Damages — General Instruction**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not [defendant] should be held liable.

If you find by a preponderance of the evidence that one or both defendants are liable to one or both plaintiffs, then you must consider the issue of compensatory damages.  You must award the Plaintiff or Plaintiffs an amount that will fairly compensate her individually for any injury she individually actually sustained as a result of Somerset County's own conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put the Plaintiffs in the position they would have occupied if the discrimination had not occurred.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.

Plaintiffs must show that the injury would not have occurred without the County's acts or omission. Plaintiffs must also show that the County's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Somerset County's act or omission. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Somerset County's actions or omissions were motivated by discrimination. In other words, even assuming that the County's actions or omissions were motivated by discrimination, Plaintiffs are not entitled to damages for an injury unless the County's discriminatory actions or omissions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury.  To find that Somerset County's act or omission caused plaintiffs' injury, you need not find that Somerset County's act or omission was the nearest cause, either in time or space. However, if Plaintiffs' injury was caused by a later, independent event that intervened between Somerset County's act or omission and plaintiffs' injury, Somerset County is not liable unless the injury was reasonably foreseeable by Somerset County.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Plaintiff experienced as a consequence of Somerset County's act or omissions. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Plaintiff  would have earned, either in the past or in the future, if they had continued in employment with Somerset County. These elements of recovery of wages that Plaintiffs would have received from Somerset are called "back pay" and "front pay". Under the applicable law, the determination of "back pay" and "front pay" is for the court.

You may award damages for monetary losses that Plaintiffs may suffer in the future as a result of Somerset County's act or omissions.  However, this is distinct from the amount of wages Plaintiffs would have earned in the future from further employment with Somerset County.

As I instructed you previously, each Plaintiff has the burden of proving her own individual damages by a preponderance of the evidence. But the law does not require that Plaintiffs prove the amount of their losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that each Plaintiff  has a duty under the law to "mitigate" her damages--that means that Plaintiffs  must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Somerset County.  It is Somerset County's burden to prove that Plaintiffs have failed to mitigate.  So if Somerset County persuades you by a preponderance of the evidence that Plaintiffs failed to take advantage of an opportunity that was reasonably available to them, then you must reduce the amount of plaintiffs' damages by the amount that could have been reasonably obtained if they had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

<u>Authority</u>:     *Third Circuit Model Civil Jury Instruction 5*.4.1 (modified).

**_____ ACCEPTED**              **_____ REJECTED**

**22.**     **Title VII Damages — Nominal Damages**

If you return a verdict for either Plaintiff, but that Plaintiff has failed to prove actual injury and  therefore is not entitled to compensatory damages, then you must award nominal damages of $  1.00 for that Plaintiff. A person whose federal rights were violated is entitled to a recognition of that violation,  even if  she suffered no actual injury. Nominal damages (of $1.00) are designed to  acknowledge the deprivation of a federal right, even where no actual injury occurred.   However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages

<u>Authority</u>:       *Third Circuit Model Civil Jury Instruction 5*.4.5 (modified).

**_____  ACCEPTED                     _____  REJECTED**

**23.**     **Section 1983 Introductory Instruction**

The plaintiffs are also suing Somerset County under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

<u>Authority</u>:     *Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.1*

**_____ ACCEPTED                    _____ REJECTED**

**24.**     **Section 1983 – Elements of Claim**

The plaintiffs must prove both of the following elements by a preponderance of the

evidence:

First:  The defendant acted under color of state law.

Second: While acting under color of state law, the defendant deprived each of the
plaintiffs of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell

you the elements each of the plaintiffs must prove to establish the violation of their federal

constitutional rights.

Authority:      *Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.3*

                    **_____ ACCEPTED                    _____ REJECTED**

**25.    Section 1983 – Action under Color of State Law –    Action under Color of State Law Is Not in Dispute**

Because the defendant is a County of the Commonwealth of Pennsylvania, I instruct you that it was acting under color of state law.  In other words, this element of the plaintiffs' claim is not in dispute, and you must find that this element has been established.

<u>Authority</u>:        *Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.4.1*

**_____  ACCEPTED                        _____  REJECTED**

**26.**    **Section 1983 – Deprivation of a Federal Right**

I have already instructed you on the first element of Plaintiffs' claim, which requires plaintiffs to prove that the County acted under color of state law.

The second element of plaintiff's claim is that Somerset County deprived them of a federal constitutional right.

Plaintiffs are claiming that Ron Lensbouer violated their constitutional right to be free from violations of their personal bodily integrity under the Fourteenth Amendment and that Somerset County is liable for the deprivation as a result of an official Somerset County policy or custom of inadequate training or inadequate supervision which caused the violation.

<u>Authority</u>:    *Third Circuit Model Civil Jury Instruction 4.5 (modified).*

**_____ ACCEPTED               _____ REJECTED**

**27.      Substantive Due Process Claim – Deprivation of Bodily Integrity**

The Due Process clause of the Fourteenth Amendment protects against violations of bodily integrity.   Conduct interfering with bodily integrity rises to the level of a Constitutional violation if the conduct shocks the conscience.   This conduct must exceed negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed shocks the conscience.   If you find that no violation of the Fourteenth Amendment right to bodily integrity occurred, you must find in favor of Somerset County.

Authority*:      Ziccardi v. City of Phila*, 288 F.3d 57, 64 (3d Cir. 2002).

**_____  ACCEPTED                    _____  REJECTED**

28.     **Section 1983 – Liability in Connection with the Actions of Another – Municipalities –**
       **General Instruction**

If you find that the plaintiffs were deprived of their Fourteenth Amendment rights, Somerset County is liable for that deprivation if the plaintiffs prove by a preponderance of the evidence that the deprivation resulted from the County's official policy or custom– in other words, that the County's official policy or custom caused the deprivation.

It is not enough for the plaintiffs to show that Somerset County employed a person who violated the plaintiffs' rights. The plaintiffs must show that the violation resulted from the County's official policy or custom.   "Official policy or custom" includes a custom that is a widespread, well-settled practice that constitutes a standard operating procedure of Somerset County or inadequate training or inadequate supervision.

However, inadequate training or inadequate supervision does not count as "official policy or custom" unless Somerset County is deliberately indifferent to the fact that a violation of the Fourteenth Amendment is a highly predictable consequence of inadequate training or inadequate supervision. I will explain this further in a moment.

If you find that no official policy or custom existed, you must find in favor of Somerset County. I will now proceed to give you more details on each of the ways in which the plaintiffs may try to establish that an official policy or custom of Somerset County caused the deprivation.

Authority:     *Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.6.3*

               _____ **ACCEPTED**                    _____ **REJECTED**

**29.    Section 1983 –Liability in Connection with the Actions of Another –Municipalities –Choice by Policymaking Official**

The Somerset County Board of Commissioners is a policymaking entity whose actions represent a decision by the government itself.  The same is true of an official or body to whom the Board of Commissioners has given final policymaking authority.  The actions of that official or body represent a decision by the government itself.

Thus, when the Board of Commissioners or an official to whom they have delegated authority make a deliberate choice to follow a course of action, that choice represents an official policy.   Through such a policy, Somerset County may cause a violation of a federal right by:

•      directing that the violation occur,

•      authorizing the violation, or

•      agreeing to a subordinate's decision to engage in the violation.

The Board of Commissioners or a policymaking official may also cause a violation through inadequate training or inadequate supervision, but only if the  County is deliberately indifferent to the fact that a violation of  plaintiffs' right to bodily integrity is a highly predictable consequence of the inadequate training or inadequate supervision.  I will instruct you further on this in a moment.

<u>Authority</u>:      *Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.6.5*

**_____ ACCEPTED                       _____ REJECTED**

**30.     Section 1983 –Liability in Connection with the Actions of Another Municipalities – Liability Through Inadequate Training or Supervision**

Plaintiffs claims that the County adopted a policy of inadequate training  or inadequate supervision, and that this policy caused the violation of plaintiffs' right to bodily integrity.

In order to hold the County liable for the violation of plaintiffs' right to bodily integrity, you must find that plaintiffs has proved each of the following three things by a preponderance of the evidence:

First: Somerset County's training program was inadequate to train its employees to with regard to sexual harassment or Somerset County failed adequately to supervise its employees.

Second: Somerset County's failure to adequately train or adequately supervise amounted to deliberate indifference to the fact that inaction would obviously result in the violation its employees' right to bodily integrity.

Third:  Somerset County failure to adequately train or adequately supervise proximately caused the violation of Plaintiffs' right to bodily integrity.

In order to find that Somerset County's failure to adequately train or adequately supervise amounted to deliberate indifference, you must find that Plaintiffs have proved each of the following three things by a preponderance of the evidence:

First: Somerset County or its policy making official knew that employees would confront a particular situation;

Second: The situation involved a matter that employees had a history of mishandling; and

Third: The wrong choice by an employee in that situation will frequently cause a deprivation of bodily integrity.

In order to find that Somerset County's failure to adequately train or adequately supervise proximately caused the violation of Plaintiffs' federal right, you must find that Plaintiffs have

proved by a preponderance of the evidence that the County's deliberate indifference led directly to the deprivation of plaintiffs' right to bodily integrity.

<u>Authority</u>:        *Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.6.7*

**_____ ACCEPTED                    _____ REJECTED**

**31.** **Deliberate indifference**

Deliberate indifference is established only if there is actual knowledge by the County or its policy makers of a substantial risk that the plaintiffs would be subject to the specific behavior of Lensbouer alleged by Plaintiff and if the County or its policymakers disregarded that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Mere negligence or inadvertence does not constitute deliberate indifference.   If you find no deliberate indifference on the part of Somerset County you must find in favor of Somerset County.

<u>Authority</u>:     *Eighth Circuit Model Civil Jury Instruction –4.44 (modified); Farmer v. Brennan*, 511 U.S. 825 (1994); *Butler v. Fletcher*, 465 F.3d 340 (8 Cir. 2006) (applying Eighth Amendment standard for deliberate indifference to Fourteen Amendment violations).

**_____ ACCEPTED                      _____ REJECTED**

32.      **Section 1983 – Damages – Compensatory Damages**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you find the either Ronald Lensbouer or Somerset County liable, then you must consider the issue of compensatory damages.  You must award the plaintiffs an amount that will fairly compensate each plaintiff for any injury she actually sustained as a result of one or both of the defendants' conduct.

The plaintiffs must each show that the injury would not have occurred without one or both of the defendants' act. The plaintiffs must each also show that one or both of the defendants' acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the defendant's act.

Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Janine Donaldson claims both economic and non-economic losses whereas Kimberly McKenzie is seeking only non-economic recovery.  Those losses include the following:

- Physical harm to plaintiffs during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that plaintiffs are reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

- Emotional and mental harm to plaintiffs during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that plaintiffs are reasonably certain to experience in the future.

Each plaintiff has a duty under the law to "mitigate" his or her damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant.  It is Somerset County's burden to prove that plaintiffs have failed to mitigate.  So if Somerset County persuades you by a preponderance of the evidence that plaintiffs failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of that plaintiff's damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

<u>Authority</u>:       *Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.8.1*

**_____ ACCEPTED                    _____ REJECTED**

**33.** **Section 1983 – Damages – Nominal Damages**

If you return a verdict for any of the plaintiffs, but that plaintiff has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he or she suffered no actual injury.   Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

<u>Authority</u>:      *Third Circuit Model Civil Jury Instruction – Civil Rights Cases 4.8.2*

**_____ ACCEPTED**                  **_____ REJECTED**

**34.** **General Instructions For Use At End of Trial – Deliberations**

When you retire to the jury room to deliberate, you may take with you these instructions, your notes and certain exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your

honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, smart phone like Blackberries or iPhones, or computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.   Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your

verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

Authority:        *Third Circuit Model Civil Jury Instruction 3.1*

**_____  ACCEPTED                        _____  REJECTED**

Respectfully submitted,

JONESPASSODELIS, PLLC

BY:    s/Jeffrey Cohen_____
         JEFFREY COHEN, ESQUIRE
         Pa. I.D. No. 76512
         E-Mail:  jcohen@jonespassodelis.com

         MARIE MILIE JONES, ESQUIRE
         Pa. I.D. No. 49711
         E-Mail:  mjones@jonespassodelis.com

         Gulf Tower, Suite 3410
         707 Grant Street
         Pittsburgh, PA  15219
         Phone:  (412) 315-7272
         Fax: (412) 315-7273

         Counsel for Defendant,
         SOMERSET COUNTY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

document has been forwarded to all counsel of record by:

_____ U.S. First Class Mail, Postage Paid

_____ Hand Delivery

_____ Certified Mail, Return Receipt Requested

_____ Facsimile Transmittal

_____ UPS Delivery

\_\_X\_\_ Electronic Filing/Service

at the following address:

Benjamin D. Andreozzi, Esquire
Andreozzi & Associates, PC
111 North Front Street
Harrisburg, PA 17101
*(Counsel for Plaintiffs)*

Kevin J. Rozich, Esquire
Michael T. Crum, Esquire
Abood Russell Pappas & Rozich
South Street Station Professional Building
709 Franklin Street, Suite 200
Johnstown, PA 15901-2823
*(Counsel for Defendant, Ronald E. Lensbouer)*

JONESPASSODELIS, PLLC

Date: \_November 21, 2017\_\_\_     \_s/Jeffery Cohen_____
JEFFREY COHEN, Esquire
MARIE MILIE JONES, Esquire

Counsel for Defendant,
SOMERSET COUNTY