IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANINE DONALDSON and KIMBERLY MCKENZIE, | Civil Action No. 3:15-cv-63-KRG |
| Plaintiffs, | JUDGE KIM R. GIBSON |
| v. | **Electronically Filed** |
| RONALD LENSBOUER and SOMERSET COUNTY, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## DEFENDANT'S PROPOSED SPECIAL VERDICT FORMS

## PROPOSED SPECIAL VERDICT FOR CLAIMS BY PLAINTIFF JANINE DONALDSON AGAINST SOMERSET COUNTY

AND NOW, on this _____ day of _____, 2017, we the jurors

impaneled in the above-captioned case find:

**Janine Donaldson v. Somerset County**
**Title VII**

(1)     Did Janine Donaldson prove by a preponderance of the evidence that she was subjected to verbal and physical harassment by Ronald Lensbouer?

              Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 1, PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO" TO QUESTION 1, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(2)     Did Janine Donaldson prove by a preponderance of the evidence the conduct by Ronald Lensbouer was not welcomed?

              Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 2, PROCEED TO QUESTION 3. IF YOU ANSWERED "NO" TO QUESTION 2, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(3)     Did Janine Donaldson prove by a preponderance of the evidence that the conduct by Ronald Lensbouer was motivated by her gender?

      Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 3, PROCEED TO QUESTION 4. IF YOU ANSWERED "NO'' TO QUESTION 3, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(4)     Did Janine Donaldson prove by a preponderance of the evidence Ronald Lensbouer's conduct was severe and pervasive from the point of view of a reasonable woman?

      Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 4, PROCEED TO QUESTION 5. IF YOU ANSWERED "NO'' TO QUESTION 4, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(5)     Did Janine Donaldson prove by a preponderance of the evidence that Somerset County or its management level employee knew or should have known of Ronald Lensbouer's conduct?

      Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 5, PROCEED TO QUESTION 6,IF YOU ANSWERED "NO'' TO QUESTION 5, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(6)     Did Somerset County prove by a preponderance of the evidence that upon Janine Donaldson complaining of Ronald Lensbouer's conduct, the conduct stopped?

      Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 6, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.  IF YOU ANSWERED "NO" TO QUESTION 6, PROCEED TO QUESTION 7.

(7)     Did Somerset County prove by a preponderance of the evidence that Somerset County established a policy against harassment on the basis of gender?

      Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 7, PROCEED TO QUESTION 8. IF YOU ANSWERED "NO" TO QUESTION 7, PROCEED TO QUESTION 12(A)

(8)     Did Somerset County prove by a preponderance of the evidence that its policy against harassment on the basis of gender was communicated to its employees?

            Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 8, PROCEED TO QUESTION 9. IF YOU ANSWERED "NO'' TO QUESTION 8, PROCEED TO QUESTION 12(A).

(9)     Did Somerset County prove by a preponderance of the evidence that its policy against harassment on the basis of gender provided a way for Janine Donaldson to make a claim of harassment to higher management?

            Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 9, PROCEED TO QUESTION 10. IF YOU ANSWERED "NO'' TO QUESTION 9, PROCEED TO QUESTION 12(A).

(10)    Did Somerset County prove by a preponderance of the evidence that it took reasonable steps to correct the problem when raised by Janine Donaldson?

            Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 10, PROCEED TO QUESTION 11. IF YOU ANSWERED "NO'' TO QUESTION 10, PROCEED TO QUESTION 12(A).

(11)    Did Somerset County prove by a preponderance of the evidence that Janine Donaldson unreasonably failed to take advantage of the  complaint procedure provided by Somerset County?

            Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 11, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM. IF YOU ANSWERED "NO" TO QUESTION 7, PROCEED TO QUESTION 12(A).

(12)(A) Please state the amount that will fairly compensate Janine Donaldson for injury he actually sustained as a result of Somerset County's conduct:

                    $_____

IF YOU ANSWERED "$0'' TO QUESTION 12(A), PROCEED TO QUESTION 12 (B), OTHERWISE STOP.

(12)(B) Because we answered "$0" to Question 12(A),

            Janine Donaldson is awarded nominal damages in the amount of $1.00.

SO SAY WE ALL, this \_\_\_ day of _____, 2017.

**Janine Donaldson v. Somerset County**
**Section 1983**

(1)    Did Somerset County act under color of state law?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 1, PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO"
TO QUESTION 1, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(2)    Did Janine Donaldson prove by a preponderance of the evidence that her right to bodily
integrity under the Fourteenth Amendment was violated?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 2, PROCEED TO QUESTION 3. IF YOU ANSWERED "NO"
TO QUESTION 2, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(3)    Did Janine Donaldson prove by a preponderance of the evidence that Somerset County
or its policy makers inadequately trained or supervised employees with respect to the
behavior complained of by Kimberly McKenzie?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 3, PROCEED TO QUESTION 4. IF YOU ANSWERED "NO''
TO QUESTION 3, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(4)    Did Janine Donaldson prove by a preponderance of the evidence that Somerset County
or its policy makers acted with deliberate indifference to the fact that its inadequate
training or supervision would obviously result in a violation of Kimberly McKenzie's right
to bodily integrity?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 4, PROCEED TO QUESTION 5. IF YOU ANSWERED "NO''
TO QUESTION 4, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(5)     Did Janine Donaldson prove by a preponderance of the evidence that Somerset County or its policy makers' inadequate training or supervision was the proximate cause of the violation of her right to bodily integrity?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 5, PROCEED TO QUESTION 6(A),. IF YOU ANSWERED "NO'' TO QUESTION 5, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(6)(A)   Please state the amount that will fairly compensate Janine Donaldson for injury she actually sustained as a result of Somerset County's conduct:

$_____

IF YOU ANSWERED "$0'' TO QUESTION 6(A), PROCEED TO QUESTION 6(B), OTHERWISE STOP.

(6)(B)   Because we answered "$0" to Question 6(A),

Janine Donaldson is awarded nominal damages in the amount of $1.00.

SO SAY WE ALL, this ____ day of _____, 2017.


_____ Foreperson

**PROPOSED SPECIAL VERDICT FOR CLAIMS BY PLAINTIFF KIMBERLY MCKENZIE AGAINST
SOMERSET COUNTY**

AND NOW, on this _____ day of _____, 2016, we the jurors

impaneled in the above-captioned case find:

**Kimberly McKenzie v. Somerset County
Title VII**

(1)     Did Kimberly McKenzie prove by a preponderance of the evidence that she was
        subjected to verbal and physical harassment by Ronald Lensbouer?

                Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 1, PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO"
TO QUESTION 1, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(2)     Did Kimberly McKenzie prove by a preponderance of the evidence the conduct by
        Ronald Lensbouer was not welcomed?

                Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 2, PROCEED TO QUESTION 3. IF YOU ANSWERED "NO"
TO QUESTION 2, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(3)     Did Kimberly McKenzie prove by a preponderance of the evidence that the conduct by
        Ronald Lensbouer was motivated by her gender?

                Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 3, PROCEED TO QUESTION 4. IF YOU ANSWERED "NO''
TO QUESTION 3, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(4)     Did Kimberly McKenzie prove by a preponderance of the evidence Ronald Lensbouer's
        conduct was severe and pervasive from the point of view of a reasonable woman?

                Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 4, PROCEED TO QUESTION 5. IF YOU ANSWERED "NO''
TO QUESTION 4, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(5)     Did Kimberly McKenzie prove by a preponderance of the evidence that Somerset County or its management level employee knew or should have known of Ronald Lensbouer's conduct?

       Answer: Yes \_\_\_\_\_ No \_\_\_\_\_

IF YOU ANSWERED "YES" TO QUESTION 5, PROCEED TO QUESTION 6,IF YOU ANSWERED "NO" TO QUESTION 5, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(6)     Did Somerset County prove by a preponderance of the evidence that upon Kimberly McKenzie complaining of Ronald Lensbouer's conduct, the conduct stopped?

       Answer: Yes \_\_\_\_\_ No \_\_\_\_\_

IF YOU ANSWERED "YES" TO QUESTION 6, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.  IF YOU ANSWERED "NO" TO QUESTION 6, PROCEED TO QUESTION 7.

(7)     Did Somerset County prove by a preponderance of the evidence that Somerset County established a policy against harassment on the basis of gender?

       Answer: Yes \_\_\_\_\_ No \_\_\_\_\_

IF YOU ANSWERED "YES" TO QUESTION 7, PROCEED TO QUESTION 8. IF YOU ANSWERED "NO" TO QUESTION 7, PROCEED TO QUESTION 12(A)

(8)     Did Somerset County prove by a preponderance of the evidence that its policy against harassment on the basis of gender was communicated to its employees?

       Answer: Yes \_\_\_\_\_ No \_\_\_\_\_

IF YOU ANSWERED "YES" TO QUESTION 8, PROCEED TO QUESTION 9. IF YOU ANSWERED "NO" TO QUESTION 8, PROCEED TO QUESTION 12 (A).

(9)     Did Somerset County prove by a preponderance of the evidence that its policy against harassment on the basis of gender provided a way for Kimberly McKenzie to make a claim of harassment to higher management?

       Answer: Yes \_\_\_\_\_ No \_\_\_\_\_

IF YOU ANSWERED "YES" TO QUESTION 9, PROCEED TO QUESTION 10. IF YOU ANSWERED "NO" TO QUESTION 9, PROCEED TO QUESTION 12(A).

(10)     Did Somerset County prove by a preponderance of the evidence that it took reasonable steps to correct the problem when raised by Kimberly McKenzie?

            Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 10, PROCEED TO QUESTION 11. IF YOU ANSWERED "NO'' TO QUESTION 10, PROCEED TO QUESTION 12(A).

(11)     Did Somerset County prove by a preponderance of the evidence that Kimberly McKenzie unreasonably failed to take advantage of the complaint procedure provided by Somerset County?

            Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 11, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM. IF YOU ANSWERED "NO" TO QUESTION 7, PROCEED TO QUESTION 12(A).

(12)(A) Please state the amount that will fairly compensate Kimberly McKenzie for injury he actually sustained as a result of Somerset County's conduct:

            $_____

IF YOU ANSWERED "$0'' TO QUESTION 12(A), PROCEED TO QUESTION 12 (B), OTHERWISE STOP.

(12)(B) Because we answered "$0" to Question 12(A),

            Kimberly McKenzie is awarded nominal damages in the amount of $1.00.

SO SAY WE ALL, this ____ day of _____, 2017.

**Kimberly McKenzie v. Somerset County**
**Section 1983**

(1)    Did Somerset County act under color of state law?

        Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 1, PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO"
TO QUESTION 1, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(2)    Did Kimberly McKenzie prove by a preponderance of the evidence that her right to
        bodily integrity under the Fourteenth Amendment was violated?

        Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 2, PROCEED TO QUESTION 3. IF YOU ANSWERED "NO"
TO QUESTION 2, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(3)    Did Kimberley McKenzie prove by a preponderance of the evidence that Somerset
        County or its policy makers inadequately trained or supervised employees with respect
        to the behavior complained of by Kimberly McKenzie?

        Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 3, PROCEED TO QUESTION 4. IF YOU ANSWERED "NO''
TO QUESTION 3, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(4)    Did Kimberly McKenzie prove by a preponderance of the evidence that Somerset County
        or its policy makers acted with deliberate indifference to the fact that its inadequate
        training or supervision would obviously result in a violation of Kimberly McKenzie's right
        to bodily integrity?

        Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 4, PROCEED TO QUESTION 5. IF YOU ANSWERED "NO''
TO QUESTION 4, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(5)    Did Kimberly McKenzie prove by a preponderance of the evidence that Somerset County
        or its policy makers' inadequate training or supervision was the proximate cause of the
        violation of Kimberly McKenzie's right to bodily integrity?

        Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 5, PROCEED TO QUESTION 6(A),. IF YOU ANSWERED "NO'' TO QUESTION 5, YOU HAVE FOUND IN FAVOR OF SOMERSET COUNTY ON THIS CLAIM.

(6)(A)   Please state the amount that will fairly compensate Kimberly McKenzie for injury she actually sustained as a result of Somerset County's conduct:

$\$$_____

IF YOU ANSWERED "$0'' TO QUESTION 6(A), PROCEED TO QUESTION 6(B), OTHERWISE STOP.

(6)(B)   Because we answered "$0" to Question 6(A),

Kimberly McKenzie is awarded nominal damages in the amount of $\underline{\$1.00.}$

SO SAY WE ALL, this \_\_\_ day of _____, 2017.


_____ Foreperson

**PROPOSED SPECIAL VERDICT FOR CLAIM BY PLAINTIFF JANINE DONALDSON AGAINST**
**RONALD LENSBOUER**

AND NOW, on this _____ day of _____, 2017, we the jurors

impaneled in the above-captioned case find:

**Janine Donaldson v. Ronald Lensbouer**

(1)      Was Ronald Lensbouer act under color of state law?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 1, PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO"
TO QUESTION 1, YOU HAVE FOUND IN FAVOR OF RONALD LENSBOUER ON THIS CLAIM.

(2)      Did Janine Donaldson prove by a preponderance of the evidence that Ronald Lensbouer
violated  her right to bodily integrity under the Fourteenth Amendment?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES'' TO QUESTION 2, PROCEED TO QUESTION 3(A). IF YOU ANSWERED
"NO" TO QUESTION 2, YOU HAVE FOUND IN FAVOR OF RONALD LENSBOUER ON THIS CLAIM.

(3)(A)   Please state the amount that will fairly compensate Janine Donaldson for injury she
actually sustained as a result of Ronald Lensbouer's conduct:

$_____

IF YOU ANSWERED "$0'' TO QUESTION 3(A), PROCEED TO QUESTION 3(B), OTHERWISE STOP.

(3)(B)   Because we answered "$0" to Question 3(A),

Janine Donaldson is awarded nominal damages in the amount of <u>$1.00.</u>

SO SAY WE ALL, this ___ day of _____, 2017.


_____ Foreperson

**PROPOSED SPECIAL VERDICT FOR CLAIM BY PLAINTIFF KIMBERLY MCKENZIE AGAINST RONALD LENSBOUER**

AND NOW, on this _____ day of _____, 2017, we the jurors

impaneled in the above-captioned case find:

**Kimberly McKenzie v. Ronald Lensbouer**

(1)     Was Ronald Lensbouer acting under color of state law?

            Answer: Yes _____ No _____

IF YOU ANSWERED "YES" TO QUESTION 1, PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO" TO QUESTION 1, YOU HAVE FOUND IN FAVOR OF RONALD LENSBOUER ON THIS CLAIM.

(2)     Did Kimberly McKenzie prove by a preponderance of the evidence that Ronald Lensbouer violated  her right to bodily integrity under the Fourteenth Amendment?

            Answer: Yes _____ No _____

IF YOU ANSWERED "YES" TO QUESTION 2, PROCEED TO QUESTION 3(A). IF YOU ANSWERED "NO" TO QUESTION 2, YOU HAVE FOUND IN FAVOR OF RONALD LENSBOUER ON THIS CLAIM.

(3)(A)   Please state the amount that will fairly compensate Kimberly McKenzie for injury she actually sustained as a result of Ronald Lensbouer's conduct:

            $_____

IF YOU ANSWERED "$0" TO QUESTION 3(A), PROCEED TO QUESTION 3(B), OTHERWISE STOP.

(3)(B)   Because we answered "$0" to Question 3(A),

Kimberly McKenzie is awarded nominal damages in the amount of <u>$1.00.</u>

SO SAY WE ALL, this ___ day of _____, 2017.


_____ Foreperson




Respectfully submitted,

JONESPASSODELIS, PLLC

BY:    s/Jeffrey Cohen_____
       JEFFREY COHEN, ESQUIRE
       Pa. I.D. No. 76512
       E-Mail:  jcohen@jonespassodelis.com

       MARIE MILIE JONES, ESQUIRE
       Pa. I.D. No. 49711
       E-Mail:  mjones@jonespassodelis.com

       Gulf Tower, Suite 3410
       707 Grant Street
       Pittsburgh, PA  15219
       Phone:  (412) 315-7272
       Fax: (412) 315-7273

       Counsel for Defendant,
       SOMERSET COUNTY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

document has been forwarded to all counsel of record by:

_____  U.S. First Class Mail, Postage Paid

_____  Hand Delivery

_____  Certified Mail, Return Receipt Requested

_____  Facsimile Transmittal

_____  UPS Delivery

\_\_X\_\_  Electronic Filing/Service

at the following address:


Benjamin D. Andreozzi, Esquire
Andreozzi & Associates, PC
111 North Front Street
Harrisburg, PA 17101
*(Counsel for Plaintiffs)*


Kevin J. Rozich, Esquire
Michael T. Crum, Esquire
Abood Russell Pappas & Rozich
South Street Station Professional Building
709 Franklin Street, Suite 200
Johnstown, PA 15901-2823
*(Counsel for Defendant, Ronald E. Lensbouer)*



JONESPASSODELIS, PLLC


Date: \_November 21, 2017\_\_\_          \_s/Jeffery Cohen_____
                                         JEFFREY COHEN, Esquire
                                         MARIE MILIE JONES, Esquire

                                         Counsel for Defendant,
                                         SOMERSET COUNTY